COWART, Judge,
dissenting.
If a criminal statute merely prohibited trafficking (dealing) in stolen property, then one essential element of that crime would be that the property in question had to have been stolen. However, attempted crimes under statutes such as section 777.-04(1), Florida Statutes, apply to make crimes out of conduct which does not establish every element of some completed crime and such a statute might be construed to cover one who deals with property believing it to be stolen, although in fact it is not stolen.
However, section 812.019(1), Florida Statutes (1985), the Florida criminal statute prohibiting one from trafficking in stolen property, anticipates and answers the “attempt” problem by not only prohibiting one from trafficking in stolen property, but also criminalizing the conduct of one who “endeavors” to traffic in stolen property, which means one who attempts to traffic in stolen property. It is on this basis that some district courts of appeal have held that one can be convicted of endeavoring (attempting) to deal in stolen property although the property in question is, in fact, not stolen. While this position can be defended by sophisticated legal reasoning the average layman is probably hard pressed to understand how one can be convicted of dealing in stolen property if the property is not stolen and why, if the person does not commit a completed crime because the property was not stolen, he can be convicted of trying (“attempting” or “endeavoring”) to do something that is legally and physically impossible for him to do. However that may be, it is going too far to extend such reasoning to uphold forfeiture of appellee’s pickup truck in this case. First, the forfeiture statute (§ 932.-701(2)(e), Fla.Stat. (1985)) defines as contraband a vehicle “actually employed as an instrumentality in the commission of ... any felony.” Unlike the trafficking statute itself, the forfeiture statute does not cover attempts or endeavors to use a vehicle to attempt or endeavor to commit a felony. Secondly, assuming that appellee violated the trafficking statute when he agreed to, or did, buy the sheriffs non-stolen property, that crime was completed before the sheriffs deputies put the non-stolen property on appellee’s pickup truck, so that appellee’s pickup truck was not “actually employed” as an instrumentality in the commission of the attempted trafficking offense. Thirdly, because the crime of attempting to traffic in non-stolen property does not require that the defendant actually take possession of the non-stolen property, under the undisputed facts in this case the pickup truck was not, in fact, used or employed to commit the attempted trafficking offense. Fourth, any use of the truck “to store and conceal” the non-stolen property was made by the sheriff’s deputies who loaded the non-stolen property onto the appellee’s pickup truck before arresting appellee and retaking possession of the non-stolen property. Appellee should not have his pickup truck forfeited because of the action of the sheriff’s deputies. The pickup truck was never used by appellee to transport or otherwise deal in or with the non-stolen property.
Law enforcement and courts are extending the forfeiture statute too far. If an ordinary citizen lied to another man and induced him to break the law and deal with certain property and then also placed that property on the man’s pickup truck in order to take the man’s truck away from him, any judge or jury would quickly find fraud, deceit, trickery, overreaching, etc., and thwart such endeavor. We should remember the warning that “our government is the potent, the omnipresent teacher. For good or for ill, it teaches the whole people *1069 by its example. ... To declare that in the administration of the criminal law the end justifies the means ... would bring terrible retribution. Against that pernicious doctrine this court should resolutely set its face.”[1]

. Mr. Justice Brandeis, dissenting in Olmstead v. United States, 277 U.S. 438, 485, 48 S.Ct. 564, 575, 72 L.Ed. 944 (1928).